## 11519.   BUSH v. KIMBRELL, sheriff.

No mortgage or reservation of title in the vendor was contained in the purchase-money notes under which the petitioner for a rule against the sheriff in this case sought to have the debt paid from the fund in the sheriff's hands arising from the sale of the property described therein; and the court did not err in denying the petition.

         DECIDED JULY 13, 1920.

Money-rule; from Miller superior court — Judge Worrill. April 19, 1920.

*P. D. Rich,* for plaintiff, cited: Civil Code (1910), § 3257; 117 *Ga.* 72.

*W. I. Geer,* for defendant.

BLOODWORTH, J.   W. J. Bush filed an application for a rule against the sheriff, alleging in part that "your petitioner holds two purchase-money mortgages over certain property, therein described, which said property was in possession of said H. A. Vinson at the time of his death; that said mortgages have never been foreclosed and are past due, and a true copy of both of said mortgages are hereto attached and made a part of this petition as Exhibit 'A'." Petitioner further alleged that under certain judicial proceedings said property had been sold by the sheriff, and that, as the proceeds of said sale, the sheriff had in his hands the sum of $300.00, and he prayed that the sheriff "show cause . . why said amount should not be paid to petitioner, or a sufficiency thereof to discharge his mortgage liens against the property sold for the purchase-money." The copies of the notes at-

tached to the petition are as follows: "$225.00. Colquitt, Ga., Jan. 4, 1916. Oct. 1st next after date I promise to pay to the order of W. J. Bush, or bearer, two hundred and twenty-five dollars, for value received. This note given for the purchase-money of two bay mares, one about three years old, named Dola, other about two years old, named Maude, with interest after maturity until paid at eight per cent. per annum; and if I fail to pay this note at maturity, and the same is placed in the hands of an attorney for collection, then I admit that I have damaged the said W. J. Bush ten per cent. on the amount of said debt by forcing him to employ an attorney on account of my default, and said damage is hereby declared for value received to be liquidated and collectible as part of said original debt . . [All homestead rights waived.] Given under the hand and seal of each party. (Signed) H. A. Vinson (Seal)." "$116.00. Colquitt, Ga., Jan. 4, 1918. Oct. 1st next after date I promise to pay to the order of W. J. Bush, or bearer, one hundred and sixteen dollars, for value received. This note given for purchase-money of one bay mare about 12 years old. . . [Remainder in same language as next above.] (Signed) H. A. Vinson (Seal)." The judge denied the application.

The judge properly denied the application. The notes in this case neither reserved title to the property sold, nor contained a mortgage to secure the purchase-money.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*